

# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

*Served 3/9/2021*

| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 2111-CC00151 |
|---|---|
| Plaintiff/Petitioner:<br>JASON FRANKLIN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHRISTOPHER B GRAVILLE<br>130 S BEMISTON STE 700<br>CLAYTON, MO  63105 |
| Defendant/Respondent:<br>CITY OF ST. CHARLES, MISSOURI | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Chpter 536 State Agcy Rvw | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  CITY OF ST. CHARLES, MISSOURI
Alias:

200 N 2ND STREET #2851
ST. CHARLES, MO  63301

**COURT SEAL OF**

**ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| ____2/25/2021____ | _____/S/ Cheryl Crowder_____ |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

RECEIVED

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| Total | $_____ | |

MAR 0 8 2021

SHERIFF
ST. CHARLES COUNTY, MO

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**1**
Exhibit

IN THE 11th JUDICIAL CIRCUIT COURT
ST. CHARLES COUNTY
STATE OF MISSOURI

JASON FRANKLIN,        )
                             )
      Plaintiff,      )
                             )    Cause No.
v.                         )
                             )    Division No.
CITY OF ST. CHARLES,   )
MISSOURI,             )
                             )
      Defendant.     )
                             )
                             )

## PETITION FOR JUDICIAL REVIEW OF ADMINISTRATIVE DECISION – INJUNCTION, DECLARATORY JUDGMENT AND MANDAMUS AND FOR VIOLATIONS OF MISSOURI WHISTLEBLOWER STATUTE

COMES NOW the Plaintiff Jason Franklin, by and through his undersigned counsel, and seeks judicial review of a decision by the City of St. Charles, Missouri, ("St. Charles") terminating his employment from the City of St. Charles, Missouri Police Department ("Police Department").  In support of his petition, Plaintiff states as follows:

1.     Jason Franklin was employed as a police officer by the St. Charles Police Department from approximately December of 2016 through October 28, 2020.

2.     On October 28, 2020, Chief Randall D. McKinley provided written notice that Police Department terminated Officer Franklin's employment without providing any basis for said termination (the "Termination Notice").  A copy of the Termination Notice is attached as Exhibit 1.

3.      Upon information and belief, the termination was made on the basis of conduct which allegedly began on September 15, 2020 and continued into September 16, 2020, which was investigated by the Police Department and documented via a letter to Officer Franklin on October 16, 2020 (the "Pre-Disciplinary Notice"). A copy of the Pre-Disciplinary Notice is attached as Exhibit 2.

4.      The investigation arose from the arrest of one Joshua Landherr by other St. Charles police officers on September 15, 2020. Following his arrest, Mr. Landherr became "aggressive and destructive while attempting to damage City property." Exhibit 2 at page 1.

5.      Other St. Charles police officers, including the on-duty supervisor, had been informed that Mr. Landherr may have been under the influence of an illicit substance. Exhibit 2 at page 1.

6.      Despite Mr. Landherr's behavior and the fact that Mr. Landherr may have ingested an unknown illicit substance, the on-duty supervisor determined that Mr. Landherr was fit for confinement.

7.      The on-duty supervisor instructed employees to monitor Mr. Landherr's behavior and to notify the on-duty supervisor if Mr. Landherr's behavior "were to change" again. Exhibit 2 at page 1.

8.      When Officer Franklin began his shift at 2230 hours on September 15, 2020, Mr. Landherr had already been in Police Department custody for 3 hours and 40 minutes.

9.     Officer Franklin was then told by another Police Department employee that Mr. Landherr was aggressive, destructive, and may have ingested an illicit substance. Officer Franklin was then instructed to safely monitor Mr. Landherr and notify the on-duty supervisor if Mr. Landherr's behavior changed.

10.    Officer Franklin was not instructed on what "changes" he needed to observe before notifying the on-duty supervisor of a "change" in Mr. Landherr's behavior or the time frame in which to contact the on-duty supervisor. In fact, the on-duty supervisor had not given Officer Franklin any verbal or written directive and Officer Franklin had to obtain the limited information he had on monitoring Mr. Landherr from another Police Department employee.

11.    Officer Franklin had never received any medical or behavioral training from the Police Department which would have given him an objective standard for when he should report any observed change in Mr. Landherr's behavior.

12.    Officer Franklin followed what he had been told and safely monitored Mr. Landherr the entire time Mr. Landherr was in custody, up to and including the time he notified the on-duty supervisor.

13.    Officer Franklin observed that over the course of Mr. Landherr's confinement his behavior was calm, but subjectively this did not immediately alarm Officer Franklin and cause him to notify his on-duty supervisor.

14.    At 0219 hours on September 16, 2020, when Landherr's condition changed based on Franklin's subjective determination, the on-duty supervisor was informed.

15.    After the on-duty supervisor was notified of changes in Mr. Landherr's behavior, EMS was called and asked to respond to the Police Department.

16.    Officer Franklin had not received any medical training and was not trained in how to use any emergency medical equipment, thus Officer Franklin could only wait for EMS to arrive and continue to monitor Mr. Landherr's condition.

17.    At 0228 hours, EMS responded to the Police Department and began performing life saving measures on Mr. Landherr.

18.    Mr. Landherr died over two hours after he left the Police Department.

19.    The Pre-Disciplinary Notice alleged four charges against Officer Franklin as the grounds for ultimately terminating his employment.

20.    The first charge raised against Officer Franklin was that Mr. Landherr was not fit for confinement and should not have been confined per Police Department policies ("Policies") Section 900.3.1(b) and (g). Exhibit 2.

21.    The first charge is entirely without merit as the Pre-Disciplinary Notice shows that Mr. Landherr had already been assessed as fit for confinement by the on-duty supervisor prior to being placed in confinement and the only instructions that had been given were those given by a fellow employee that Officer Franklin should safely monitor Mr. Landherr and report any changes to the on-duty supervisor. Officer Franklin complied with the Policies, including those related to confinement, and there are no facts to support the first charge.

22.   Similarly, the third charge alleges a violation of the Police Department Code of Conduct, Section XIII, Subsection B regarding persons in custody.  Exhibit 2. Specifically, this section states that:

> *Any member becoming aware of any condition affecting the rights of a person, including the need for medical attention of a person in custody, or any abuse or unnecessary force inflicted by any fellow member or members, shall immediately make a full disclosure of such condition or event to the appropriate superior, and take such other action to protect the person in custody as the circumstances may require*

23.   The facts do not support any alleged violation of the Code of Conduct as by the time Officer Franklin arrived at work, Mr. Landherr had already been in custody for over three hours and had already been deemed fit for confinement by the on-duty supervisor.  Officer Franklin safely monitored Mr. Landherr as he was told to do and his diligent action gave medical personnel over three hours to attempt to save Mr. Landherr's life.  The third charge simply has no support.

24.   Finally, the second and fourth charges both allege conduct unbecoming.

25.   For the second charge, Section X of the Police Department Code of Conduct defines conduct unbecoming as "conduct which brings the department into disrepute, or reflects discredit upon the person as a member of the department, or which impairs the operation or efficiency of the department or the member."

26.     For the fourth charge, the St. Charles employee manual rule 12.5 does not define conduct unbecoming.

27.     Officer Franklin was ordered to observe Mr. Landherr, which Officer Franklin did throughout his entire shift, and to report any change in Mr. Landherr's condition, which Officer Franklin did after he subjectively determined a change in condition. There are no allegations made or fact provided that Officer Franklin ever failed to comply with that order or any other order.

28.     Officer Franklin was able to safely monitor Mr. Landherr and Officer Franklin's diligence gave medical personnel three hours to attempt to save Mr. Landherr's life. Simply put, Officer Franklin's conduct was in no way unbecoming under either the Police Department Code of Conduct or under the St. Charles employee manual.

29.     The Police Department, following the pre-disciplinary hearing, determined that Officer Franklin should be terminated and informed Officer Franklin of its decision via the Termination Notice. Exhibit 1.

30.     The Termination Notice did not state the basis upon which Mr. Franklin was being terminated and which, if any, of the alleged charges Mr. Franklin was found to have violated following the hearing. Exhibit 1.

31.     Officer Franklin thereafter submitted a timely appeal of his termination to the Mayor of St. Charles (the "Appeal") pursuant to §13.2 of the Employee Personnel Manual of St. Charles. A copy of the Appeal is attached as Exhibit 3.

32.    In his Appeal, Officer Franklin contended that his termination was arbitrary, capricious, truly irrational, and not supported by substantial and competent evidence as the facts set forth in the Pre-Disciplinary Notice prove that Officer Franklin did what he was supposed to do at all times alleged.

33.    In his Appeal, Officer Franklin requested an in-person hearing on this matter including the right to cross examine witnesses and to compel attendance of witnesses.

34.    Officer Franklin did not get his requested in-person hearing, nor any hearing, and instead received a letter from the Mayor of St. Charles which summarily stated that the Mayor was upholding the termination of Officer Franklin's employment (the "Appeal Decision").  A copy of the Appeal Decision is attached as Exhibit 4.

35.    The Mayor of St. Charles, Daniel J. Borgmeyer, did not make any Findings of Fact or Conclusions of Law but sustained Officer Franklin's termination.

36.    Although not a jurisdictional prerequisite, Plaintiff has nonetheless exhausted all administrative remedies available to him by law.

37.    The decision by St. Charles is unsupported by – and is in fact in direct contradiction to – competent and substantial evidence on the whole record; is unauthorized by law; is arbitrary, capricious and unreasonable; is unconstitutional; and involves an abuse of discretion.

38.    The uncontroverted evidence established that: (i) Mr. Landherr was in deemed fit for confinement by the on-duty supervisor and was confined for several

7

hours before Officer Franklin arrived at work; (ii) Officer Franklin carried out his order to safely observe and report on Landherr's condition following a change in behavior; (iii) Officer Franklin did not engage in any conduct unbecoming and (iv) Officer Franklin did not violate any of the charges alleged in the Pre-Disciplinary Notice.

39.     Furthermore, reliance on rule 12.5 of the Employee Personnel Manual of the City of St. Charles violates the due process clause of the 14th Amendment of the United States Constitution and Section 10 of Article 1 of the Missouri Constitution, in that, on its face and as applied it, is vague and ambiguous as to what constitutes "conduct unbecoming."  By not defining "conduct unbecoming" (and subsequently by ignoring the uncontroverted evidence that Officer Franklin's actions fell properly within the parameters of his order, training, and the Police Department's Code of Conduct), St. Charles then has an unbridled, unqualified and completely subjective ability to say that any conduct is "conduct unbecoming" – even when that conduct met all requirements of the Police Department and St. Charles' policies, procedures, custom, practice, training and expectations.

## Count I for Judicial Review

40.     Paragraphs 1 through 36 of this petition are incorporated by reference herein as if fully set forth herein

41.     This Court has jurisdiction to hear this case pursuant to section 536.150 RSMo.

42.     Venue is proper in this Court as all actions given rise to these claims occurred in St. Charles County, Missouri.

43.     There have never been any Findings of Fact by either the Police Department or by the Mayor of St. Charles nor any Conclusions of Law.

44.     The Termination Notice and Appeal Decision make a final determination terminating Officer Franklin's employment without any support or justification.

45.     Plaintiff is entitled to a permanent injunction barring Defendant from enforcing his termination. Absent injunctive relief, Plaintiff has suffered and will suffer irreparable harm, and does not have an adequate remedy at law.

46.     Plaintiff is entitled to a declaratory judgment declaring that Defendant's actions are unsupported by competent and substantial evidence on the whole record; unauthorized by law; arbitrary, capricious and/or unreasonable; unconstitutional; and involve an abuse of discretion. Plaintiff has a legally-protected interest in continued employment absent cause for termination; there is a real, substantial and presently-existing dispute which is a justiciable controversy; Plaintiff has no adequate remedy at law; and the issue is ripe for judicial determination.

47.     Upon the Court's finding that Plaintiff's termination was unlawful, Plaintiff is entitled to an order in mandamus requiring Defendant to reinstate him to his previous position; to compensate him for all back-pay due and owing, plus nine percent interest per annum; and fully vest him in his retirement/pension plan.

Plaintiff does not have any other adequate means of relief and mandamus is appropriate under the circumstances.

WHEREFORE Plaintiff Jason Franklin requests a permanent injunction, a declaratory judgment, and an order in mandamus reversing the decision of the City of St. Charles and reinstating him with all back-pay due and owing him; and for such other relief as the Court deems just and appropriate.

### Count II – Missouri Whistleblower Statute, RSMo 105.055

48.     Paragraphs 1 through 44 of this petition are incorporated by reference herein as if fully set forth herein.

49.     Plaintiff was a public employee employed as a police officer by St. Charles.

50.     Officer Franklin reported or was about to report the on-duty supervisor's and/or Police Department's prohibited activity, specifically the mismanagement, violation of policy, and/or danger to public safety resulting from the on-duty supervisor and/or Police Department's handling of the events occurring on September 15/16, 2020.

51.     St. Charles took disciplinary action against Officer Franklin because Officer Franklin disclosed or was about to disclose information which Officer Franklin reasonably believed constituted mismanagement, a violation of policy, and/or danger to public safety following the incident on September 15/16, 2020.

52.     St. Charles unlawful termination of Officer Franklin has directly injured Officer Franklin.

53.     Officer Franklin has suffered actual damages resulting from his unlawful termination by St. Charles including but not limited to lost wages, the loss of his employment, the loss of retirement and other benefits, and reasonable attorney fees paid to his attorney.

WHEREFORE Plaintiff Jason Franklin requests all lost wages from the date of termination to the date of reinstatement, the restoration of his retirement and other benefits, and for his reasonable attorney fees; and for such other relief as the Court deems just and appropriate.

Respectfully submitted,

THE GRAVILLE LAW FIRM, LLC

By:_____
          Christopher B. Graville, #53187
          Nathan K. Bruns, #71812
          130 S. Bemiston, Suite 700
          Clayton, MO 63105
          636.778.9810 - telephone
          636.778.9812 - facsimile
          cbg@gravillelaw.com
          nkb@gravillelaw.com



Jason Franklin
1781 Zumbehl Road
St. Charles, Mo. 63301

October 28, 2020

PSO Franklin,

Effective immediately, your employment with the St. Charles Police
Department is terminated.

You are directed to contact Lieutenant Hoeing to turn all of the city's
equipment in, no later than Friday, October 30, 2020 by 12:00 PM.

Please contact Shanton Fountain with the Human resources Office to provide
you with information relative to your benefits and final compensation.

Chief Randall D. McKinley

cc: Human resources
    Legal

Randall D. McKinley
Chief of Police

Thomas E. Roeder
Mayor
Director of Administrative Services

Edward N. Kemp
Mayor
Administrative Services Officer

St. Charles Police Department
1781 Zumbehl Rd.
St. Charles, MO 63303
636.949.3300
Fax 636.949.3368
www.stcharlescitymo.gov

**PRIVATE AND CONFIDENTIAL: TO BE OPENED BY ADDRESSEE ONLY**

October 16, 2020

Police Services Officer Jason Franklin
City of St. Charles, Missouri Police Department
1781 Zumbehl Road
St. Charles, Missouri 63303

Re:  Pre-Disciplinary Hearing Notice

PSO Franklin,

The purpose of this letter is to inform you the City of St. Charles, Missouri (the "City") is contemplating serious disciplinary action against you as a City employee which may result in termination of employment, suspension without pay, demotion or reduction in pay.  In order for the City to evaluate whether or not it should take disciplinary action against you, I have scheduled a pre-disciplinary hearing on Monday, October 19, 2020 at 1030 hours in the Police Chief's Conference Room to listen to your version of events.

The facts, circumstances and allegations that have led to the contemplated discipline are briefly presented below:

> On Tuesday, September 15, 2020 at 1850 hours Mr. Joshua Landherr was taken into custody by officers of the St. Charles Police Department from 437 Canary Lane and transported to the department holdover.  Upon arrival and then secured in a cell, Mr. Landherr became aggressive and destructive while attempting to damage City property.  Employees received third-party information from the complainant of the original call for service that Mr. Landherr may have been under the influence of an illicit substance.  The on-duty supervisor was notified of this information and employees were instructed to monitor his behavior and if it were to change, to again notify the on-duty supervisor.  These instructions were provided to Police Services Officer Franklin at the start of his shift at 2230 hours by the prior shift.  PSO Franklin continued to monitor Mr. Landherr and observed significant changes in his behavior and condition at 0130 hours on Wednesday, September 16.  The on-duty supervisor was not notified until 0219 hours when Mr. Landherr was observed to be unresponsive in his cell by another PSO.  EMS personnel responded to the department holdover and transported Mr. Landherr to the emergency room.  Mr. Landherr later succumbed to the medical emergency at 0518 hours.

The conduct described above may have violated the following:

## CHARGES AND SPECIFICATIONS

**St. Charles Police Department Policy 900.3.1 Persons Who Should Not Be in Temporary Custody (Fit For Confinement Needed)**

1

*b) Any person who has a medical condition requiring medication (not available to the person while he/she is in our custody), or who may require medical attention or supervision while in temporary custody.*

*g) Persons who are under the influence or alcohol, a controlled substance, or any substance to the degree that may require medical attention, or who have ingested any substance that poses a significant risk to their health, whether or not they appear intoxicated.*

## St. Charles Police Department Code of Conduct, Section X, Subsection B – Conduct Unbecoming

*Members shall not engage in any conduct which is unbecoming a member of the department, including conduct which brings the department into disrepute, or reflects discredit upon the person as a member of the department, or which impairs the operation or efficiency of the department or the member.*

## St. Charles Police Department Code of Conduct, Section XIII, Subsection B – Arrests and Persons In Custody

*Any member becoming aware of any condition affecting the rights of a person, including the need for medical attention of a person in custody, or any abuse or unnecessary force inflicted by any fellow member or members, shall immediately make a full disclosure of such condition or event to the appropriate superior, and take such other action to protect the person in custody as the circumstances may require.*

## City of St. Charles Employee Personnel Manual Rule 12.5

*The employee has engaged in any conduct unbecoming an officer or employee of the City, either on or off duty.*

You are ordered to appear at the Criminal Justice Center at 1781 Zumbehl Road, on Monday, October 19, 2020 at 1000 hours for the purpose of a pre-disciplinary hearing in the Police Chief's Conference Room to answer to the above Charges and Specifications. Following the pre-disciplinary hearing, a determination will be made concerning these alleged violations.

As Directed,

Randall D. McKinley,
Chief of Police

cc:     Human Resources Department
        Police Department Employee File

2

# THE GRAVILLE LAW FIRM, LLC

130 SOUTH BEMISTON, SUITE 700 · CLAYTON, MISSOURI 63105

VIA EMAIL AND US MAIL TO:
dan.borgmeyer@stcharlescitymo.gov
shanton.fountain@stcharlescitymo.gov

November 6, 2020

Dan Borgmeyer, Mayor
City of St. Charles
200 N Second Street
St. Charles, MO 63301

RE:   Appeal of PSO Jason Franklin (DSN: 415) Termination ("Appeal")

Dear Mayor Borgmeyer,

Pursuant to §13.2 of the Employee Personnel Manual (the "Manual") of the City of St. Charles, Missouri (the "City"), this correspondence shall serve as written notice of appeal from the Notice of Termination received by PSO Jason Franklin, DSN #415 ("Jason") on October 28, 2020 (the "Termination Notice"). Pursuant to the October 16, 2020 Pre-Disciplinary Hearing Notice (the "Pre-Disciplinary Notice"), a copy of which is attached and is incorporated herein by reference, Jason was given notice that he was terminated under the following provisions of the City Police Department Policies (Individually, a "Policy", collectively, the "Policies"), the City Police Department Code of Conduct (the "Code of Conduct") and the City Personnel Manual (the "Manual"):

> 1. Policy 900.3.1 Person Who Should Not Be in Temporary Custody (Fit For Confinement Needed);
>
> 2. The Code of Conduct Section X, Subsection B – Conduct Unbecoming;
>
> 3. Code of Conduct Section XIII, Subsection B – Arrests and Persons in Custody;
>
> 4. The Manual Rule 12.5.

(Individually referred to hereunder as a "Charge" and collectively referred to hereunder as the "Charges").

**Charge 1: Fit For Confinement Needed.**

The Pre-Disciplinary Notice citation of Policies Sections 900.3.1(b) and (g) states:

> *Persons Who Should Not Be in Temporary Custody (Fit For Confinement Needed)*

Termination Appeal of P.S.O. Jason Franklin (DSN: 415)
St. Charles Police Department
November 6, 2020

> *(b) Any person who has a medical condition requiring medication (not available to the person while he/she is in our custody), or who may require medical attention or supervision while in temporary custody.*
>
> *(g) Persons who are under the influence of alcohol, a controlled substance, or any substance to the degree that may require medical attention, or who have ingested any substance that poses a significant risk to their health, whether or not they appear intoxicated."*

The Pre-Disciplinary Notice fails to state sufficient facts to support Charge 1. The following facts are set forth in the Pre-Disciplinary Notice:

1.     Joshua Landherr was arrested and placed into police custody on September 15, 2020 at 1850 hours by, presumably, a City police officer.

2.     Upon arrival, Landherr became "aggressive and destructive while attempting to damage City property."

3.     Employees, including the on-duty supervisor, received information that Landherr may have been under the influence of an illicit substance.

4.     Despite Landherr's aggression and destructiveness, and despite being informed of the fact that Landherr may have ingested an unknown quantity and quality of an unnamed illicit substance, *the on-duty supervisor determined that Landherr was fit for confinement*. The on-duty supervisor instructed employees to monitor Landherr's behavior and to notify the on-duty supervisor *again* if Landherr's behavior "were to change". No further emergency or medical instructions were given to employees.

5.     Upon Jason beginning his shift at 2230 hours, Landherr had already been in the custody of the City Police Department for 3 hours and 40 minutes. At the beginning of his shift, Jason was informed by another corrections officer, *and not by the on-duty supervisor*, that Landherr was aggressive and destructive and that he may have ingested some drugs. Jason was told to safely monitor Landherr and to notify the on-duty supervisor if his condition changed. *Jason did not receive any verbal or written directive from the on-duty supervisor.*

6.     Jason never received any training nor was he instructed by another corrections officer as to what "changes" to observe with regards to Landherr's behavior or what time frame to apply before notifying the on-duty supervisor of a "change" in Landherr's behavior. *Jason did not receive any verbal or written directive from the on-duty supervisor as to what changes to observe or the time frame in which to contact the on-duty supervisor.*

7.     Jason safely monitored Landherr throughout Landherr's entire time in custody, up to and including the time he notified the on-duty supervisor.

8.     At 0228 hours, EMS responded to the Police Department and began performing life saving measures.

Termination Appeal of P.S.O. Jason Franklin (DSN: 415)
St. Charles Police Department
November 6, 2020

     9.     Landherr died at the hospital over ***2 hours*** after he left the Police Department.

The facts stated in the Pre-Disciplinary Notice show that when Jason began his shift, an assessment of Landherr had already been conducted by an on-duty supervisor.  The on-duty supervisor assessed Landherr and the information regarding intoxication and determined that he was fit for confinement and that Landherr only needed to monitored.  Jason complied with the information passed on to him by another employee and Jason never received any written or verbal instructions as to what change of conditions to look for or what time period that he should observe Landherr.  Jason fully complied with the Polices and there are not facts to support Charge 1.

**Charge 3: Arrests and Persons in Custody.**

The Pre-Disciplinary Notice citation of the Code of Conduct, Section XIII, Subsection B states:

    *Arrests and Persons In Custody*

    *Any member becoming aware of any condition affecting the rights of a person, including the need for medical attention of a person in custody, or any abuse or unnecessary force inflicted by any fellow member or members, shall immediately make a full disclosure of such condition or event to the appropriate superior, and take such other action to protect the person in custody as the circumstances may require*

The Pre-Disciplinary Notice fails to state sufficient facts to support a violation under Charge 3.  The following facts are set forth in the Pre-Disciplinary Notice:

     1.     Upon arrival at the police department at 1850 hours, Landherr became "aggressive and destructive."

     2.     Employees, including the on-duty supervisor, received information that Landherr may have been under the influence of an illicit substance.

     3.     Because of Landherr's "aggressive and destructive" behavior and the fact that Landherr may have been under the influence of an unknown quality and quantity of an illicit substance, the on-duty supervisor instructed employees (not Jason) to carefully monitor Landherr's behavior, and no notify the supervisor should his behavior change.

     4.     Jason began his shift at 2230 hours, almost four hours after Landherr was brought into custody.

     5.     Jason was ordered to carefully observe Landherr and to notify his supervisor if his behavior changed, but was not given any direction as to what changes in behavior to evaluate, or what time frame to assess any behavioral changes under.

Termination Appeal of P.S.O. Jason Franklin (DSN: 415)
St. Charles Police Department
November 6, 2020

6.      At 0219 hours, when Landherr's condition changed based on Jason's subjective determination, the on-duty supervisor was informed.

7.      Jason safely and carefully monitored Landherr from 2230 hours until 0301 hours when EMS transported him to the hospital.

The facts clearly do not support any alleged violation of the Code of Conduct under Charge 3. When Jason arrived at work, Landherr had already been in custody for over three hours and had already been assessed by the on-duty supervisor as fit for confinement. This assessment included a review, by the on-duty supervisor, of the information related to the unknown quality and quantity of the potential intoxication of Landherr. Jason was informed by a fellow employee to safely monitor Landherr because he was destructive, aggressive and that Landherr was attempting to destroy City property. Landherr did exactly what he was supposed to do and his safe and diligent actions gave medical personnel over three hours to attempt to save Landherr's life. Based on the foregoing, there are no facts that support a violation of Charge 3.

**Charge 2 and Charge 4: Conduct Unbecoming.**

The violations alleged in Charges 2 and 4 are substantially similar because they both prohibit conduct unbecoming of either an officer or employee of the City and seemingly rely on the same underlying conduct, therefore they are set forth collectively.

The Pre-Disciplinary Notice citation of Section X of the Code of Conduct states:

*Conduct Unbecoming*

*Members shall not engage in conduct which is unbecoming of a member of the department, including conduct which brings the department into disrepute, or reflects discredit upon the person as a member of the department, or which impairs the operation or efficiency of the department or the member.*

The Pre-Disciplinary Notice citation of Rule 12.5 of the Manual states:

*The employee has engaged in any conduct unbecoming of an officer or employee of the City, either on or off duty.*

The Pre-Disciplinary Notice fails to state sufficient facts to support violations under Charges 2 and 4. The following facts are set forth in the Pre-Disciplinary Notice:

1.      Upon arrival, and throughout the entirety of his custody, Landherr was aggressive, destructive, and attempted to destroy City property.

2.      Employees were instructed to exercise caution while observing Landherr because of his erratic behavior.

4

Termination Appeal of P.S.O. Jason Franklin (DSN: 415)
St. Charles Police Department
November 6, 2020

    3.    Upon beginning his shift at 2230 hours, Jason was notified by another employee that Landherr had been evaluated by a supervisor, that employees were to safely monitor Landherr and that they should notify the on-duty supervisor if Landherr's condition changed. ***Jason did not receive any verbal or written directive from the on-duty supervisor.***

    4.    Jason never failed to observe Landherr at any point during his shift, up to and after the time he notified his supervisor.

    5.    Jason notified his supervisor consistent with the information passed on by his fellow employee.

    6.    At the time Landherr's condition changed, based on Jason's subjective determination, the on-duty supervisor was immediately notified, EMS was requested, and Landherr was transported to the hospital.

Jason was given an order by the on-duty supervisor to observe Landherr, which he carefully did throughout his entire shift. There is no allegation made or fact provided that Jason ever failed to comply with this order. Jason was further ordered to notify his supervisor should Landherr's condition change. There is no allegation made or fact provided that Jason ever failed to comply with this information. In fact, because of Jason's diligence, no employee was harmed by Landherr's aggression and Landherr received critical medical attention. Jason's decisive action gave medical personnel three hours to attempt to save his life. Contrary to the charges against Jason, his actions were becoming of a member of the department, brought repute to the department, and reflected well upon him and the department because he safely followed the orders given to him by his supervisor, and as a result, Landherr had an opportunity for his life to be saved. Jason's action did not violate Charges 2 and 4 and Jason should, in fact, be commended and honored by the Department and the City for his diligent and decisive life saving efforts.

Jason's termination is arbitrary, capricious, truly irrational, and is not supported by substantial and competent evidence. The facts set forth in the Pre-Disciplinary Notice prove that Jason did exactly what he was supposed to do; his safe and diligent actions gave medical personnel over three hours to attempt to save the life of man that overdosed.

Pursuant to Section 14.2 of the Manual, the undersign hereby requests a review and hearing on this matter, including an in-person hearing, the right to cross examine witnesses and to compel the attendance of witnesses. Furthermore, on behalf of Jason and his family, I hereby demand that Jason be returned to his full employment with the Police Department and that he be accommodated with his back pay.

Finally, please instruct the City Human Resources Department and Police Department to provide me with complete copies of any and all files related to the Charges so that we may fully and completely present the facts of this case so that you will fairly consider reversal of Jason's termination.

Termination Appeal of P.S.O. Jason Franklin (DSN: 415)
St. Charles Police Department
November 6, 2020

Sincerely,


Christopher B. Graville



VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
CERTIFIED NUMBER: 7013 2630 0900 3543 1215

PRIVATE AND CONFIDENTIAL

January 21, 2021

Mr. Jason Franklin
3254 Greenwich Lane
St. Charles, Missouri 63301

Re: Decision of the Mayor regarding Appeal of Termination

Mr. Tiemann:

I have completed my review of the materials provided by your legal counsel, Chris Graville; the Office of Professional Responsibility Internal Investigation report with exhibits; and the video and audio recording of the incident in the holdover cell. Based upon the information reviewed, and within my discretion as outlined in Rule 13.2 of the City of Saint Charles Employee Personnel Manual, the termination of your employment as a Police Services Officer is upheld. This decision is final and binding.

Sincerely,

Daniel J. Borgmeyer, Mayor

Dan Borgmeyer
Office of the Mayor

City of Saint Charles
200 North Second Street
Saint Charles, MO 63301
O – 636.949.3269
C – 636.485.0708
dan.borgmeyer@stcharlescitymo.gov
www.stcharlescitymo.gov

cc:  Director of Administration
Acting Police Chief
Department of Human Resources

25-Jan-2021 18:23:53