UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON FRANKLIN, ) ) Plaintiff, ) ) v. ) ) CITY OF ST. CHARLES, ) MISSOURI, ) ) Defendant. ) ) ) | Case No.  4:21-cv-00413-SRW |

**PLAINTIFF'S MOTION TO REMAND TO STATE COURT FOR LACK OF FEDERAL COURT JURISDICTION AND MEMORANDUM IN SUPPORT**

COMES NOW Jason Franklin (hereinafter "Plaintiff"), by and through his undersigned attorney, and pursuant to 28 U.S.C. §1447, moves this Court to remand this matter to state court. In support of his motion, Plaintiff states as follows:

1. Plaintiff filed his original complaint in the 11th Judicial Circuit Court of Missouri against Defendant, the City of Saint Charles, Missouri ("Defendant"). His original complaint consisted of the following two counts: Count 1 for Judicial Review and Count 2 for violations of RSMo 105.055, Missouri's Whistleblower Statute.

2. A Notice of Removal was filed with this Court on April 8th, 2021.

3. Rule 15 (a)(1)(B) of the *Federal Rules of Civil Procedure* allows a party to amend its pleadings "once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier."

4. Plaintiff is within the time allowed to amend its Complaint as a matter of course.

5. Plaintiff's First Amended Complaint removes all federal causes of action, leaving only the state causes of action. Plaintiff's First Amended Complaint was filed on April 9, 2021. *See* Doc. 8.

6. Specifically, Plaintiff's allegations that Defendant violated the due process clause of the 14th Amendment of the United States Constitution and that Plaintiff's termination was unconstitutional under the United States Constitution have been removed in their entirety from the First Amended Complaint. *See* Doc. 9.

7. Plaintiff's claims do not require any reference to the United States Constitution and these references have been removed accordingly.

8. Plaintiff moves the Court to remand the instant matter to the 11th Judicial Circuit Court of Missouri pursuant to 28 U.S.C. §1447.

9. 28 U.S.C. §1447(c) provides as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgement it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. [...]

10. In removed cases lacking subject matter jurisdiction, the Court must remand the case. *Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 993 (8th Cir. 2016).

11. The removing party bears the burden of establishing jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005).

12. Defendant has not pleaded any other justification for this Court's jurisdiction, other than the now removed allegations, making remand appropriate and necessary.

13. This Court is required to "resolve all doubts about jurisdiction in favor of remand." Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

14.     Further, remanding this matter to state court will promote efficiency and judicial economy now that Plaintiff has clarified it is only seeking claims under state law.

15.     Based on the foregoing, remand is appropriate and necessary as all federal claims have been removed in Plaintiff's First Amended Complaint, removing this Court's jurisdiction.

WHEREFORE, Plaintiff prays this Court grant his Motion to Remand this matter to state court and grant Plaintiff such other and further relief that this Court deems just and appropriate.

Respectfully submitted,

**THE GRAVILLE LAW FIRM, LLC**

By: /s/ Nathan K. Bruns
    Nathan K. Bruns, #71812MO
    130 S. Bemiston, Ste. 700
    Clayton, MO 63105
    636.778.9810 - telephone
    636.778.9812 - facsimile
    nkb@gravillelaw.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of April, 2021, a true and correct copy of the foregoing was electronically filed and served via the Court's electronic filing system upon all attorneys of record.

/s/ Nathan K. Bruns