**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JASON FRANKLIN, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | )   Case No. 4:21-CV-413 SRW |
| | ) |
| CITY OF ST. CHARLES, MO., | ) |
| | ) |
| Defendant(s). | ) |

**ORDER**

This matter comes before the Court on Plaintiff Jason Franklin's Motion to Remand. (ECF No. 10). Defendant City of St. Charles, Missouri removed this matter to this Court pursuant to federal question jurisdiction under 28 U.S.C. § 1331 because the petition included allegations that Defendant's personnel manual violated the Fourteenth Amendment of the U.S. Constitution. Plaintiff filed an amended complaint removing all references to the Constitution. He then filed a motion to remand asserting the Court no longer had federal question jurisdiction. Defendant filed a notice stating it does not oppose Plaintiff's motion to remand.

The Court agrees with Plaintiff. With the filing of the amended complaint removing all reference to the Constitution, the Court no longer has federal question jurisdiction, and it must remand the matter back to state court.

This matter is before the undersigned magistrate judge under 28 U.S.C. § 636(b), because the parties have not consented to the plenary authority by a magistrate judge pursuant to 28 U.S.C. § 636(c). The Court raises *sua sponte* the question whether a magistrate judge has authority under 28 U.S.C. § 636(b) to enter an order remanding a removed case to a state court. To the Court's knowledge, the Eighth Circuit Court of Appeals has not opined on this issue.

1

Magistrate Judge David Noce of this Court faced this issue and concluded a pending motion to remand is within the authority of a magistrate judge under 28 U.S.C. § 636(b). *Harter v. Am. Family Mut. Ins. Co.*, No. 4:18-CV-1290 DDN, 2018 WL 10498463, at *1-2 (E.D. Mo. Oct. 3, 2018). Judge Noce listed three reasons for his conclusion. *Id*. at *2. First, he found that a ruling on a motion to remand does not decide the case, it simply decides whether it will remain in federal court or be returned to state court. *Id*. Second, he found the language of § 636(b)(1)(A) "should be read in light of the practical goal of vesting magistrate judges with sufficient authority to enable them to assist effectively in managing the heavy caseload borne by the district courts." *Id*. (quoting *Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1274 (N.D. Ala. 2004)). And third, he found it most persuasive that the motion to remand was consented to by both parties. *Id*.

The undersigned finds Judge Noce's reasoning to be persuasive and concludes, for the same reasons, he also has the authority to rule on the pending motion in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jason Franklin's Motion to Remand is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this order of remand to the clerk of the State court.

Dated this 30th day of April, 2021.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE